**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MICHAEL WRINKLES, )
)
                     **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 10-1227-KHV
MICHAEL J. ASTRUE, )
**Commissioner of Social Security,** )
)
                     **Defendant.** )
_____)

## MEMORANDUM AND ORDER

Michael Wrinkles appeals the final decision of the Commissioner of Social Security to deny disability benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. For reasons set forth below, the Court reverses defendant's decision.

## Procedural Background

On February 10, 2005, plaintiff filed applications for disability benefits with the Social Security Administration. He alleged a disability onset date of March 8, 2002. See Certification Of Transcript Of Proceedings Before The Social Security Administration (Doc. #6) filed September 13, 2010 ("Tr.") 128-37. Defendant denied plaintiff's benefit applications initially and on reconsideration. On January 21, 2009, an administrative law judge ("ALJ") concluded that plaintiff was not under a disability as defined in the Social Security Act and that he was not entitled to benefits. On May 12, 2010, the Appeals Council denied plaintiff's request for review. Plaintiff appealed the final decision of the Commissioner to this Court. The decision of the ALJ stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c)(3).

**Factual Background**

The following is a brief summary of the evidence presented to the ALJ.

Plaintiff is 36 years old. He has a general equivalency degree (GED). Plaintiff previously worked as a water/sewer worker, roofer, press operator and tool repairer. Tr. 60-61. Plaintiff alleges that he is disabled due to problems with his cervical spine, shoulders and lower back, and bulging discs. Tr. 154.

The ALJ held a hearing on September 15, 2008. At that hearing, plaintiff testified that he could not work full time. In his order of January 21, 2009, the ALJ concluded as follows:

1. The claimant met the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since March 9, 2002, the alleged onset date.

3. The claimant has the following severe impairments: Degenerative disc disease of the cervical spine with a bulging disc at C6-7 and a history of right shoulder separations.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a).

6. The claimant is unable to perform any past relevant work.

7. The claimant was born on February 25, 1975 and was 27 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not an issue in this case because the claimant's

    past relevant work is unskilled.

10.  Considering the claimant's age, education, work experience, and residual function capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11.  The claimant has not been under a disability, as defined in the Social Security Act, from March 9, 2002 through the date of this decision.

Tr. 11-18. In reaching his decision, the ALJ gave "controlling weight" to the opinion of Dr. James L. Proffitt, M.D., a treating physician, who opined in part as follows:

> The patient is limited in his work secondary to the neck pain. The patient would be able to do a sedentary job <u>as long as he had adequate breaks</u>. <u>The patient would not be able to lift anything</u>. The patient initially would have to be started out from four to six hours a day and worked up to eight hours per day. . . . <u>The patient should not lift</u> secondary to his history of shoulder dislocation and his chronic neck pain. The patient should have no limitations on how long he can sit <u>as long as he had adequate breaks</u>. The patient also should be able to participate in classroom activities.

Tr. 309 (emphasis added).

## Standard Of Review

  The ALJ decision is binding on the Court if supported by substantial evidence. See 42 U.S.C. § 405(g); Dixon v. Heckler, 811 F.2d 506, 508 (10th Cir. 1987). The Court must determine whether the record contains substantial evidence to support the decision and whether the ALJ applied the proper legal standards. See Castellano v. Sec'y of HHS, 26 F.3d 1027, 1028 (10th Cir. 1994). While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Evidence is not substantial "if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion." Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (citation omitted).

**Analysis**

Plaintiff bears the burden of proving disability under the Social Security Act. See Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). The Social Security Act defines "disability" as the inability to engage in any substantial gainful activity for at least 12 months due to a medically determinable impairment. See 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is under a disability, the Commissioner applies a five-step sequential evaluation: (1) whether claimant is currently working; (2) whether claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) whether the impairment prevents claimant from continuing his past relevant work; and (5) whether the impairment prevents claimant from doing any kind of work. See 20 C.F.R. §§ 404.1520, 416.920. If claimant satisfies steps one, two and three, he will automatically be found disabled; if claimant satisfies steps one and two, but not three, he must satisfy step four. If he satisfies step four, the burden shifts to the Commissioner to establish that claimant is capable of performing work in the national economy. See Williams v. Bowen, 844 F.2d 748, 751 (10th Cir. 1988).

Here, the ALJ found that plaintiff has severe impairments including degenerative disc disease of the cervical spine with a bulging disc at C6-7 and a history of right shoulder separations. Tr. 12. At step four, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), but that he is unable to perform any past relevant work.[1] At step five, the ALJ denied benefits, finding

---

[1] Social Security regulations define sedentary work as follows:

(continued...)

that plaintiff is capable of performing work in the national economy.

Plaintiff argues that the ALJ erred by expressing plaintiff's limitations only in terms of an exertion category (sedentary) and not outlining the RFC in a function-by-function manner. At step five, the Commissioner has the burden to establish that the claimant retains the RFC to perform work in the national economy. See Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993); Williams, 844 F.2d at 751. Before proceeding to step five, however, the ALJ assesses RFC in detail at step four. Baker v. Barnhart, 84 Fed. Appx. 10, 13 (10th Cir. 2003); see Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. The ALJ must make specific findings as to RFC, Winfrey, 92 F.3d at 1023, and these findings must be supported by substantial evidence, see Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The RFC assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." SSR 96-8p, 1996 WL 374184, at *7.[2] The RFC must not be expressed solely in terms of the exertional categories of sedentary, light, medium, heavy and very heavy work. Id. at *3. Instead, the ALJ must first identify the individual's functional limitations or restrictions and assess the individual's work-related abilities on a function-by-function basis. Id. at *1. In particular, the ALJ must assess

---

[1](...continued)
Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967.

[2] SSR rulings are binding on an ALJ. 20 C.F.R. § 402.35(b)(1); Sullivan v. Zebley, 493 U.S. 521, 530 n.9 (1990); Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).

the "physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)." 20 C.F.R. § 404.1545(b); see SSR 96-8p, 1996 WL 374184, at *1. In addition, the ALJ must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of each work-related activity the individual can perform based on the record evidence. Id. at *7. The ALJ must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved. Id. Specifically, where claimant alleges pain, the ALJ must "[s]et forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work. The RFC assessment must include a discussion of why reported, symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." Id.

Here, the ALJ concluded that plaintiff retained the RFC to perform the full range of sedentary work, but he did not attempt to identify plaintiff's functional limitations or restrictions and assess his work-related abilities on a function-by-function basis. See Alexander v. Barnhart, 74 Fed. Appx. 23, 28 (10th Cir. 2003) (finding that impairments limited plaintiff to particular exertional category erroneous without setting forth function-by-function limitations). More importantly, the ALJ assigned "controlling weight" to the opinion of Dr. Proffitt, Tr. 16, but in assessing plaintiff's RFC, he never recognized Dr. Proffitt's limitation that plaintiff required "adequate breaks," that he "would not be able to lift anything" and that he would need to start with four to six hour days and work up to eight hour days. Tr. 309. If the ALJ intended to reject part of Dr. Proffitt's opinion, he

should have articulated the reasons for doing so.[3] See SSR 96-8p, 1996 WL 374184 at *7 (if RFC assessment conflicts with opinion from a medical source, adjudicator must explain why opinion was not adopted); Hamlin v. Barnhart, 365 F.3d 1208, 1219 (10th Cir. 2004) (ALJ may not pick and choose which aspects of uncontradicted medical opinion to believe, relying on only those parts favorable to finding of nondisability); Spicer v. Barnhart, 64 Fed. Appx. 173, 177-178 (10th Cir. 2003) (ALJ must sufficiently articulate decision so that it is capable of meaningful review); Simmons v. Barnhart, 327 F. Supp.2d 1308, 1315 (D. Kan. 2004) (ALJ must assess all medical opinions, discuss reasons for weight given to each and state specific findings regarding plaintiff's

---

[3] Because the ALJ concluded that plaintiff was capable of doing sedentary work, he implicitly rejected part of Dr. Proffitt's opinion as to the extent of plaintiff's limitations. The Commissioner argues that the ALJ did not reject Dr. Proffitt's opinion and the RFC can be read as consistent with Dr. Proffitt's opinion. In particular, the Commissioner suggests that "adequate breaks," as that phrase is used by Dr. Proffitt, means the "customary breaks" that employers allow individuals in a typical work setting. Brief of the Commissioner (Doc. #16) filed March 15, 2011 at 6. By "customary breaks," the Commissioner apparently refers to one 15-minute break in the morning, a 30-60 minute lunch break and one 15-minute break in the afternoon. The Commissioner's interpretation of Dr. Proffitt's opinion is plausible, but it is not set forth in the ALJ opinion and in any event, it is based on impermissible speculation. See McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002) (in rejecting treating physician assessment, ALJ may not make speculative inferences from medical reports and may not reject physician opinion based on his or her own credibility judgments, speculation or lay opinion); see also Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (ALJ must discuss uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects). In light of plaintiff's testimony that he would need breaks of at least 30 to 50 minutes throughout the day, Tr. 45, the ALJ could not simply assume without comment that Dr. Proffitt used the phrase "adequate breaks" to mean the customary breaks that employers allow individuals in a typical work setting. At a minimum, Dr. Proffitt's use of the phrase "adequate breaks" was ambiguous and the ALJ should have asked Dr. Proffitt what he meant by that phrase. See 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) (Commissioner must re-contact treating medical source when report contains "conflict or ambiguity" that must be resolved, report does not contain all necessary information or report does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques). Likewise, Dr. Proffitt suggested that plaintiff could not "lift anything" at work. Tr. 309. Such a limitation is inconsistent with sedentary work which requires "occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a).

degree of limitation in each of four functional areas). It is insufficient for the ALJ to discuss the evidence in generalities, however, and fail to relate that evidence to his conclusions. Cruse v. U.S. Dept. of Health & Human Servs., 49 F.3d 614, 618 (10th Cir. 1995); see Southard v. Barnhart, 72 Fed. Appx. 781, 784-785 (10th Cir. 2003) (RFC conclusion not supported by substantial evidence where ALJ did not provide narrative discussion describing how specific evidence supports each conclusion); Nunn v. Apfel, 149 F.3d 1191, 1998 WL 321189, at *2 (10th Cir. 1998) (ALJ did not link specific evidence to claimant's ability to stand six out of eight hours). Bare conclusions are beyond meaningful judicial review. Brown v. Comm'r of the Soc. Sec. Admin., 245 F. Supp.2d 1175, 1187 (D. Kan. 2003). Because the ALJ did not properly set forth plaintiff's RFC, the Court must remand to the Commissioner to provide a proper narrative discussion as required by SSR 96-8p.

**IT IS THEREFORE ORDERED** that the Judgment of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this memorandum and order.

Dated this 20th day of June, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge